# IN THE UNITED DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **In re PAUL L. CUMBESS,** *Debtor.* | Case No. 17-51678-AEC<br>**Chapter 13** |
| **MICROF, LLC,** *Appellant,*<br>v.<br>**PAUL L. CUMBESS, Debtor; and CAMILLE HOPE, Trustee,** *Appellees.* | **CIVIL ACTION NO.**<br>**5:18-cv-00449-TES** |

**ORDER AFFIRMING BANKRUPTCY COURT ORDER**
_____

Presently before the Court is Microf LLC's appeal of the United States Bankruptcy Court's denial of Microf's application for administrative expenses in Debtor-Appellee Paul L. Cumbess' ("Debtor") Chapter 13 bankruptcy proceeding. For the reasons stated below, the Court **AFFIRMS** the bankruptcy court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Debtor entered into a rental agreement with Microf for the lease of HVAC equipment for his residence. [Doc. 2, p. 73]. Two years later, Debtor filed for Chapter 13 bankruptcy, and the bankruptcy court confirmed his debt repayment plan shortly thereafter. [*Id.* at pp. 7–11, 73]. The plan specifically provides that "[t]he lease to Microf is

assumed and the pre-petition arrears [are] to be disbursed by the trustee pro rata." [*Id.* at pp. 10, 73].

Months after the bankruptcy court confirmed Debtor's plan, he defaulted on his rental agreement with Microf. [*Id.* at p. 74]. Microf then instituted an administrative claim, requesting that the bankruptcy court deem the missed payments administrative expenses pursuant to 11 U.S.C. § 503(b)(1)(A)[1] and authorize them to be paid with second priority (after domestic support obligations) under 11 U.S.C. § 507(a)(2). [*Id.* at pp. 14–19]. Debtor did not oppose Microf's motion. [*Id.* at pp. 27–28]. The bankruptcy Trustee opposed the motion and argued primarily that the missed lease payments were not necessary for the preservation of the bankruptcy estate and therefore could not be deemed administrative expenses. [*Id.* at pp. 60–61].

The bankruptcy court held a hearing on the issue of whether the missed lease payments could be deemed administrative expenses and ultimately decided that they could not. [*Id.* at pp. 29–59, 72–84]. In doing so, the court found that damages from the breach of an unexpired lease (i.e., unpaid lease payments) do not automatically become administrative expenses upon breach and that Microf failed to meet its burden of proving that the unpaid lease payments were actual and necessary pursuant to Section

---

[1] "After notice and a hearing, there shall be allowed administrative expenses . . . including the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A).

503(b)(1)(A). *See generally* [*id.* at pp. 72–84]. As such, the bankruptcy court denied Microf's motion, and Microf now appeals.

The questions before the court are (1) whether the Microf lease remained in the bankruptcy estate when the repayment plan was confirmed by the bankruptcy court and (2) if the lease did *not* exit the bankruptcy estate, whether Debtor's subsequent breach of the lease agreement gave rise to a valid claim for administrative expenses under Section 503(b)(1)(A). As detailed below, the Court finds that the Microf lease exited the bankruptcy estate when the plan was confirmed, and the Court need not opine as to what would have happened had the lease remained in the estate. Therefore, the Court **AFFIRMS** the bankruptcy's court's ruling.

## DISCUSSION

### A. Standard of Review

"The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision." *Williams v. EMC Mortg. Corp.* (*In re Williams*), 216 F.3d 1295, 1296 (11th Cir. 2000) (per curiam). The Court must "review the bankruptcy court's factual findings for clear error and its legal conclusions de novo." *Florida Agency for Health Care Admin. v. Bayou Shores SNF, LLC* (*In re Bayou Shores SNF, LLC*), 828 F.3d 1297, 1304 (11th Cir. 2016).

3

## B. Whether the Lease Exited the Estate When the Plan Was Confirmed

Microf argues that the bankruptcy court erred in finding that the HVAC lease at issue exited the bankruptcy estate upon the confirmation of the Chapter 13 plan. By way of background, Chapter 13 bankruptcy is intended to "encourage financially overextended individuals to make greater voluntary use of repayment plans." *In re Euler*, 251 B.R. 740, 744 (M.D. Fla. 2000) (citing *Collier on Bankruptcy* (15th ed. Rev.), ¶ 1300.02 at 1300–13). Voluntary debtors must propose a plan under which they may keep all their assets but must pay secured creditors an amount equal to the value of their collateral and unsecured creditors an amount at least equal to what they would receive in a Chapter 7 liquidation. *Id.* at 744–45. Creditors are paid out of the bankruptcy estate, which consists of "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case," among other things. 11 U.S.C. § 541(a)(1). Secured debts are paid first, followed by priority unsecured debts and then general unsecured debts. Of the priority unsecured debts, domestic obligations (i.e., alimony and child support) are paid first, then administrative expenses, and then a bevy of other unsecured debts. 11 U.S.C. § 507. Essentially, Microf seeks to classify the unpaid HVAC lease payments as administrative expenses rather than general unsecured debt and claims that it is able to do so because case law provides that damages from the breach of an unexpired lease that was assumed in the debtor's repayment plan automatically gives rise to an administrative expense claim.

Traditionally, courts have agreed with Microf's automatic-administrative-expense theory. *See, e.g.*, *In re Pearson*, 90 B.R. 638, 642 (Bankr. D.N.J. 1988); *In re Wright*, 256 B.R. 858, 860–61 (Bankr. W.D.N.C. 2001). Nevertheless, the bankruptcy court in this case determined that Microf's lease was not entitled to automatic administrative status, particularly because of 11 U.S.C. § 365(p)(1), which was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8. That provision states,

> If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d) [i.e., not assumed before confirmation of the repayment plan],[2] the leased property is no longer property of the estate and the stay under 362(a) [i.e., a stay of the institution, continuation, or enforcement of, or the collection on, any claim, lien, or action against the debtor][3] is automatically terminated.

---

[2] "In a case under chapter . . . 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of . . . personal property of the debtor at any time before the confirmation of a plan . . . ." 11 U.S.C. § 365(d)(2).

[3] "[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities of (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title." 11 U.S.C. § 362(a).

11 U.S.C. § 365(p)(1).

The parties do not dispute that the Trustee did not assume the Microf lease before the bankruptcy court confirmed Debtor's plan. However, Debtor assumed the lease in the plan confirmed by the bankruptcy court.[4] The bankruptcy court found that under the plain language of Section 365(p)(1) the Microf lease left the bankruptcy estate when the Trustee failed to assume it before the court confirmed the repayment plan. This, the court reasoned, cuts against the idea of automatic preferential treatment of leases that are assumed by the debtor (as opposed to the trustee) and then breached, since they are not even part of the bankruptcy estate.

Microf, on the other hand, argues that Debtor caused the lease to reenter the bankruptcy estate when he assumed it in the plan because of Section 365(p)(3). That section states in relevant part,

> [I]n a case under chapter 13, if the debtor is the lessee with respect to personal property and the lease is not assumed in the plan confirmed by the court, the lease is deemed rejected as of the conclusion of the hearing on confirmation. If the lease is rejected, the stay under section 362 and any stay under section 1301 [which concerns a stay on civil actions by creditors against codebtors or parties who secured the debtor's debt][5] is automatically terminated with respect to the property subject to the lease.

---

[4] *See* [Doc. 2, p. 10] (noting that Debtor "will be the disbursing agent" on the Microf lease and explaining, "The lease to Microf is assumed and the pre-petition arrears [are] to be disbursed by the trustee pro rata."); *see also* [*id.* at p. 73] ("The confirmed plan provides for the Debtor's assumption of the Lease . . . .").

[5] "[A]fter the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless (1) such individual became liable on or secured such

6

11 U.S.C. § 365(p)(3).

The bankruptcy court found no conflict between (p)(1) and (p)(3) because of the reasoning in *In re Ruiz*, No. 09-38795-BKC-LMI, 2012 WL 5305741 (Bankr. S.D. Fla. Feb. 15, 2012), the only case directly on point. The *Ruiz* court compared Sections 365(p)(1) and (p)(3) and reconciled them by equating (p)(3) with reaffirmation in Chapter 7 bankruptcy cases,[6] which it deemed "the only logical interpretation" of the two code sections. 2012 WL 5305741, at *3 n.5. In Chapter 13 cases, the "reaffirmation" permitted in Section 365(p)(3) allows a debtor "to assume an executory contract separate from the estate's rights and obligations" and continue to perform under the contract as if the bankruptcy proceeding did not exist. *Id.* Based on this reasoning, when a trustee fails to assume an unexpired lease but the debtor chooses to assume the lease, the lease is no longer in the estate and remains payable by the debtor just as it was before the debtor filed his bankruptcy petition.

The Court agrees that this is the only reasonable interpretation of the statute. It is clear from the plain language of (p)(1) that Section 365 vests the trustee—not the debtor—

---

debt in the ordinary course of such individual's business; or (2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title." 11 U.S.C. § 1301(a).

[6] *See Mandrell v. Ford Motor Credit Co.* (*In re Mandrell*), 50 B.R. 593, 595 (Bankr. M.D. Tenn. 1985) ("The essence of reaffirmation is the debtor's agreement to again be personally bound by the terms of the prepetition contract (debt) [which could have been discharged in bankruptcy] and the creditor's corresponding consent to forego execution upon its lien rights in favor of continued possession and use of the collateral by the debtor.").

7

with the sole power to obligate the bankruptcy estate on unexpired leases in chapter 13 cases.[7] Therefore, the debtor has no power to "reinsert" leased property into the bankruptcy estate when the trustee's actions or inactions have caused the property to leave the estate. The debtor's assumption of the lease is merely his indication of his decision to perform on the lease, not his decision to obligate the estate on the lease. To interpret the statute to allow a debtor to add a lease back to the bankruptcy estate when the trustee's actions have caused it to leave the estate would be granting the debtor an unauthorized "veto power" over the trustee's decisions.

In sum, the plain text of (p)(1) clearly and unambiguously states that a trustee's failure to assume an unexpired lease before confirmation of the debtor's plan causes the leased property to exit the estate. It is undisputed in this case that the Trustee did not timely assume Debtor's HVAC lease with Microf. Therefore, the bankruptcy court correctly determined that the HVAC unit was excluded from the bankruptcy estate on the day Debtor's plan was confirmed by the bankruptcy court.

---

[7] *See* 11 U.S.C. § 365(a) ("[T]he *trustee*, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.") (emphasis added); *accord* 11 U.S.C. § 1303 ("Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title" but not Section 365.). *See also In re Hyegu Cho*, No. 13-20638, 2016 WL 3597890, at *2 (Bankr. D. Me. June 27, 2016) (quoting Keith M. Lundin & William H. Brown, *Chapter 13 Bankruptcy*, 4th Edition, § 56.1, at ¶ 1) ("There is no specific provision of chapter 13 giving the debtor the powers of the trustee under § 365."); 74 Minn. L. Rev. 227, 231 (1989) ("The trustee has the choice of 'assuming' a pre-bankruptcy contract or 'rejecting' it. These are merely bankruptcy terms for performance or breach. If the trustee assumes a contract, the estate is bound to perform it and the other party to the contract . . . is required to perform as well.").

Because Microf's second enumeration of error (that the bankruptcy court erred in determining that the lease was not automatically entitled to administrative expense status) depends solely upon a finding that the HVAC unit did not exit the estate, the Court need not consider it.[8]

## CONCLUSION

As explained above, the Court **AFFIRMS** the Bankruptcy Court's order denying Microf's application for administrative expenses.

**SO ORDERED**, this 2nd day of May, 2019.

s/Tilman E. Self, III
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**

---

[8] Microf frames its questions presented as follows:

1. Whether the Bankruptcy Court committed error of law in ruling that notwithstanding the assumption of the lease in the confirmed Chapter 13 plan, the lease exited the estate upon plan confirmation pursuant to the provisions of 11 U.S.C. § 365(p)(1).
2. *If the Bankruptcy Court erred in ruling that the assumed lease exited the estate*, whether the assumption of the lease therefore gave rise to an administrative claim for damages from the subsequent breach thereof as a cost of preserving the estate pursuant to 11 U.S.C. § 503(b)(1)(A).

[Doc. 4, p. 10] (emphasis added). The Court need not answer the second question given its determination that the bankruptcy court did not err in applying 11 U.S.C. § 365(p)(1).